## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## THOMASVILLE DIVISION

WALTER T. MYERS,            *

        Petitioner,        *

VS.                    *      CASE NO. 6:04-CV-47
                                28 U.S.C. § 2254

DONALD BARROW, Warden    *

        Respondent.     *

## <u>REPORT AND RECOMMENDATION</u>

On September 1, 1999, Petitioner Walter Myers, who is currently serving a sentence in the Valdosta State Prison, was convicted in the Seminole County Superior Court of the offenses of Murder and Possession of a Firearm in the Commission of a Felony.  Petitioner was sentenced to serve life in prison for the murder and a consecutive 5 year term for the possession of a firearm charge.

Petitioner filed a Motion for a New Trial on October 1, 1999 which was denied on January 30, 2002.  Petitioner then filed a direct appeal to the Georgia Supreme Court wherein his convictions were affirmed on November 12, 2002.  Petitioner then filed a federal Writ of Habeas Corpus application on January 14, 2003.  Because he had not exhausted his state remedies, that petition was dismissed on December 3, 2003.

Petitioner thereafter filed a state habeas petition which, after a hearing was held, was denied on November 5, 2003.  Subsequently, Petitioner filed with the Georgia Supreme Court a notice of appeal and a certificate of probable cause to appeal on December 3, 2003.

Petitioner's application for certificate of probable cause was denied on April 27, 2004. Following the decision of the state's highest court, Petitioner filed the instant petition on September 7, 2004.   Respondent filed his Answer-Response on December 10, 2004. Petitioner then filed his Traverse to the Respondent's Answer on February 7, 2005.

## **Standard of Review**

As amended April 24, 1996,  by the Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254 presently provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
>  (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –

2

> (A) the claim relies on –
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

In *Williams v. Taylor,* 529 U. S. 362, 120 S. Ct. 1495 (2000), the United States Supreme Court set forth the present standard of review for claims adjudicated on the merits in state courts as established by the AEDPA in regard to state prisoner's applications for a writ of habeas corpus in  the federal district courts, stating:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that
> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or
> (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.
> Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 120 S. Ct. at 1523.  Justice O'Connor, writing for the majority of the Court,  added that "a federal habeas court making the 'unreasonable application' inquiry should ask

whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521. In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 1522.

## Petitioner's Claims

In **Ground One,** Petitioner alleges that the state habeas court failed to provide him with a full and fair hearing in his state habeas claim, thereby depriving him of his First and Fourteenth Amendment rights of due process and equal protection. (Petition, p. 7).

As noted *supra*, the record reveals that Petitioner filed a state habeas petition in the Lowndes County Superior Court, and that a hearing was held in that matter on June 11, 2003. Petitioner claims that during that hearing, the presiding judge showed contempt for him, and bias by making the statement that he (the judge) did not know why Petitioner was there. (Petition, p. 7). Petitioner further claims that he was not allowed to state the issues presented in his state habeas claim, thus denying him the right to orally amend the petition. *Id.* Petitioner also alleges that he was denied a full and fair hearing where the judge failed to subpoena his trial attorney, against whom he had raised ineffective assistance of counsel issues. Petitioner then contends that he was not granted the opportunity to argue the facts of his case because the judge "then and there" denied his petition on procedural default grounds.

4

*Id.* The actions of the judge, according to Petitioner "violated the spirit of Petitioner's right of access to the courts, due process of law, and equal protection of the same. *Id*.

A thorough review of the transcript of the hearing in question reveals that at the start of the hearing, the judge told the Petitioner that he would have the assistant attorney general recite the issues as claimed by Petitioner. (Hearing Transcript, p. 3). The Petitioner thereafter replied "[A]ll right." (Transcript, p. 4). After the issues were read aloud to the judge, Petitioner was asked if the grounds cited were those he had raised. *Id.* at 5. Petitioner responded in the affirmative. *Id*. The hearing then continued. Petitioner, who was given the right to speak somewhat freely, never requested to orally amend his petition. A reading of the transcript fails to show that he would have been unable, at that time, to request amending his petition, should he have desired to do so.

Petitioner has further claimed that he was not provided the opportunity to argue the facts of the case because the judge denied his petition from the bench. The transcripts reveal that the judge informed Petitioner that he was without authority to disturb what the Georgia Supreme Court had already decided on appeal. (Transcript, p. 6). The Petitioner then asked what he was at the hearing for, and the judge responded that he did not know why Petitioner was there as the Georgia Supreme Court had already ruled on the issues it was presented. It is then that Petitioner states that his reason for being there was to exhaust his remedies so that "[I] can go to the federal." *Id.* at 7. The judge thereafter told Petitioner that he was going to "exhaust it right now", and Petitioner thanked him for doing so. *Id.*

Based on the transcript testimony, it appears that Petitioner's claim that he was denied a full and fair hearing is without merit.  He was told that his claims had previously been decided by the Georgia Supreme Court.  He made no attempt to raise any other issues during the hearing, and having failed to do so, now claims that he was denied the opportunity to amend his petition.  As to Petitioner's contention that he was denied the opportunity to argue the merits of his case, the record reflects Petitioner's assumption was that the state habeas hearing was merely a formality to get him to federal court.  Thus, the Petitioner is not entitled to relief on this claim.

In **Ground Two**, Petitioner contends that the state habeas court abused its discretion by denying his claims on the basis of procedural default without affording him the opportunity to argue the merits of his ineffective assistance of counsel claims. (Petition, p. 8).  Specifically, he states that he raised the issue of ineffective assistance of counsel on January 30, 2002, at the hearing on his motion for new trial. *Id.*   The record reveals that Petitioner did claim ineffective assistance of counsel in his direct appeal by arguing that his trial counsel failed to sufficiently cross-examine witnesses, did not voir dire the state's expert, failed to present medical evidence at his J*ackson-Denno* hearing, did not consult blood spatter experts and did not permit Petitioner to testify. *See, Myers v. State,* 572 SE2d 606 (Ga. 2002).  The Georgia Supreme Court found no ineffective assistance of counsel. *Id.* In his state habeas petition, however, Petitioner made completely different claims of ineffective assistance of counsel which were not raised during trial or during his appeal to

the Georgia Supreme Court.

The United States Supreme Court has held that when a Defendant is barred from raising a federal constitutional claim in the state courts because of his failure to follow the state's procedural rules, he is also barred from raising the claim in a 28 U.S.C. § 2254 habeas corpus petition absent a showing of cause for, and actual prejudice form the procedural default. *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 97 S. Ct. 2497 (1977).

The same standard as noted above is applicable here. A federal court is barred from a review of a state prisoner's federal claims where there is a failure to comply with an independent and adequate state procedural rule, unless the prisoner can show either 1) cause for the default and actual prejudice growing out to the alleged violation of federal law, or 2) a resulting fundamental miscarriage of justice if the federal court does not consider the claims. *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 2565 (1991); *Aldridge v. Dugger,* 925 F.2d 1320, 1327 (11th Cir. 1991). A fundamental miscarriage of justice has occurred when a court finds that a constitutional violation has probably resulted in the conviction of an innocent person. *Murray v. Carrier,* 106 S.Ct. 2639, 2649 (1986).

The "cause" excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct. *Murray v. Carrier,* 477 U.S. 478., 488, 106 S.Ct. 2639, 2645 (1986); *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 1472 (1991).

To meet the "prejudice" prong required, a federal habeas petitioner generally must show that a cause or circumstance beyond his control worked to his actual and substantial disadvantage, infecting his entire trial with error or constitutional dimensions. *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 1596 (1982).

Likewise, a pro se petitioner is not exempt from the cause and prejudice requirement of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497 (1977). A mere possibility of actual prejudice resulting from an error at trial will not waive the procedural bar where other substantial evidence of guilt is present. *Sykes,* 433 U.S. at 91, 97 S.Ct. at 2508. A petitioner's "failure to act or think like a lawyer cannot be cause for failing to assert a claim" since he has no constitutional right to counsel during habeas corpus proceedings. *Harmon v. Barton,* 894 f.2d 1268, 1275 (11th Cir. 1990) (quoting *Smith v. Newsome,* 876 F.2d 1461, 1465 (11th Cir. 1989)). *See McCoy v. Newsome,* 953 F.2d 1252 (1992).

After reviewing the record, it appears the grounds raised in his state habeas petition were never raised by the Petitioner until his current federal habeas corpus application. He failed to raise these issues in his direct appeal or even his state habeas petition, rendering them procedurally defaulted pursuant to the foregoing authority. Furthermore, Petitioner has failed to show legally adequate cause as to why he failed to raise the issues prior to filing this Petition. Thus, his claim that the state habeas judge improperly deemed that the issues presented were procedurally defaulted is without merit.

In **Count Three**, Petitioner alleges additional claims of ineffective assistance of

counsel against his trial attorney.  A review of the petition reveals that Parts A-F and I of the claims in Count Three are identical to those raised by him in his direct appeal.  In ruling that there had been no ineffective assistance of counsel on the part of Petitioner's trial attorney, the Georgia Supreme Court thoroughly analyzed relevant legal precedent.  Specifically, in its factual determination that Petitioner's ineffective assistance of counsel claims were not supported by the record in the case, the state courts cited and relied on the proper United States Supreme Court precedent, *Strickland v. Washington,* 466 U. S. 668, 688, 104 S. Ct. 2052 (1984), which holds:

> To establish ineffectiveness, a defendant must prove that trial counsel's performance was deficient and but for the deficiency a reasonable probability existed that the result of the trial would have been different. . . .  An error by counsel, even if professionally unreasonable, does not warrant reversal of a criminal conviction if it had no effect on the judgment. . . . Review of counsel's performance must be highly deferential.

Petitioner has not carried his burden of rebutting the presumption of correctness of the State courts' determination of the factual issues by clear and convincing evidence in his claims of ineffective assistance of counsel.  Furthermore, the Georgia courts identified and reasonably applied the correct and clearly established federal law as determined by the U. S. Supreme Court to the facts in adjudicating  Petitioner's claims of ineffective assistance of counsel on the merits.  Under these facts and circumstances, this court is not legally authorized to grant Petitioner habeas corpus relief on these claims.  Thus, Petitioner is not entitled to relief on Parts A-F and I of Count Three.

In Parts G and H of Count Three, Petitioner alleges claims of ineffective assistance of counsel which have not been raised prior to the current habeas petition. In Part G, Petitioner alleges that his trial counsel "assumed the responsibilities of the District Attorney when he stated on the record that he didn't think Petitioner knew where he was at 'regarding his positioning during the shootout'." (Petition, p. 11). Additionally, in Part H of Ground Three, Petitioner argues that his trial counsel improperly allowed the jury to review a diagram to which he had previously objected. *Id.*

Relevant to the issue of whether this court has the authority to review these issues, the Official Code of Georgia, in Section 9-14-51, states that:

> All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

In the case at bar, Petitioner did not raise the claims alleged in Parts G and H of Count Three at any time prior to his federal habeas petition. The Eleventh Circuit, in ruling on this issue, held that:

> The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find the claims in question "could not reasonably have been raised in the original or amended [state habeas] petition." *See* Ga.Code Ann. § 9-14-51. In this case there is no such indication, therefore, we conclude that a state habeas court would hold Chambers' claims to be procedurally defaulted and not decide them on the

> merits, because they were not presented in his initial state habeas petition. It
> follows that those claims are procedurally barred from review in this federal
> habeas proceeding and exhausted.

*Chambers v. Thompson*, 150 F.3d 1324, 1327 (11th Cir. 1998).  It would logically follow, then, that Petitioner's new allegations of ineffective assistance of counsel are procedurally defaulted as they were never raised in any Georgia court.  Therefore, Petitioner is not entitled to relief as to Parts G and H of Count Three.

In **Count Four**, Petitioner contends that the trial court improperly permitted hearsay testimony elicited from witnesses for the prosecution regarding the relationship between the victim and the Petitioner. (Petition, p. 12).  In **Count Five**, Petitioner alleges that the trial court improperly allowed into evidence statements made by him to investigators.  These claims were both raised in Petitioner's direct appeal to the Georgia Supreme Court.  The appellate court found that the evidence presented in Petitioner's trial was sufficient to sustain his convictions.  As stated, *supra*, *Williams v. Taylor* sets out the standard utilized by this court in ruling on federal habeas petitions.  The *Williams* standard denies this court the authority to give relief to a Petitioner in his habeas petition unless the state court's ruling on the constitutional claim is either contrary to, or an unreasonable application of, clearly established legal precedent as decided by the United States Supreme Court, or is an unreasonable finding based on the facts of the case. *See also, Early v. Packer*, 537 U.S. 3, 7 (2002).

Relative to Count Four, the state appellate court, in affirming Petitioner's convictions,

11

found that testimony provided by two witnesses was indeed hearsay.  *See*, *Myers v. State,* 572

SE2d 606 (Ga. 2002).   The court found, however, that the hearsay evidence improperly

admitted was harmless. *Id.* at 610.  Specifically, the court stated that:

> "...erroneous admission of the hearsay is harmless error because the testimony
> is cumulative of the testimony of the third hearsay witness, who described his
> relationship with the victim as that of "real good friends" who "had gotten real
> close" in the 30 months preceding the victim's death, and who had spent time
> together visiting in one another's homes. Since his relationship with the victim
> provided the particular guarantees of trustworthiness necessary to admit his
> hearsay testimony, it was properly admitted."

*Id.*  Having found that the "evidence presented was sufficient to authorize a rational trier of

fact to conclude that appellant was guilty beyond a reasonable doubt of malice murder and

possession of a firearm during the commission of a felony", the proper precedent set out in

*Jackson v. Virginia* to determine the sufficiency of the evidence, the Georgia Supreme Court

affirmed Petitioner's convictions. *See, Jackson v. Virginia*, 443 U.S. 307 (1979)

After a thorough review of this case, it is determined that the Georgia Supreme Court

applied the appropriate United States Supreme Court precedent and that the application was

not unreasonable under the evidence in Petitioner's case.  Therefore, Petitioner is not entitled

to relief on this ground.

Similarly, as to Count Five wherein the Petitioner argues that statements made by him

to investigators were improperly admitted in his trial, the Georgia Supreme Court found that

this issue lacked merit. *See, Myers,* at 611.  Petitioner alleges that the statements in question

were made involuntarily and unknowingly because he was on pain medication at the time.

*Id.*  The Court found that the trial court had sufficient evidence to find that Petitioner was well aware of his *Miranda* rights when he was questioned and did knowingly and voluntarily make statements to the investigating officers.  *Id.*  Thus, the Court found that the testimony was admissible.  Based on the holding in *Williams v. Taylor*, as stated, *supra*, then, Petitioner is not entitled to relief as to Count Five.

Lastly, in **Count Six**, Petitioner claims he is entitled to habeas relief due to ineffective assistance of appellate counsel where the attorney failed to permit Petitioner to testify at the hearing on his motion for new trial.  This claim of ineffective assistance of counsel regarding his appellate counsel was not previously raised in any state proceedings.  Petitioner claims in Count Two of his federal habeas petition that he raised his claims "...at the earliest possible time which was properly raised for the first time in his Habeas Corpus Petition..." (Petition, p. 8).  A review of Petitioner's state habeas petition does not reveal any claims of ineffective assistance of counsel against appellate counsel.  Therefore, Petitioner must be alleging that he raised the claim against his appellate counsel for the first time in the current federal habeas petition, what he claims is the "earliest possible time" in which to have done so.  His assertion, however, is in error.  The earliest opportunity for Petitioner to have raised ineffective assistance of counsel claims against his appellate counsel would have been in his state habeas petition.  He could have even raised those claims in his Motion for Certificate of Probable Cause filed with the Georgia Supreme Court after the ruling was made on his state habeas claim.

As is required in Georgia by *Thompson v. State*, any ineffective assistance of counsel claims must be raised at the earliest possible moment to avoid procedural default. *See, Thompson v. State*, 257 Ga. 387, 359 S.E.2d 664 (1987)(where new counsel is chosen post-trial, the new counsel must argue trial counsel's effectiveness at the earliest possible moment or the claims are defaulted). Thus, as has been discussed previously, where the Petitioner has provided no evidence to show any cause for or prejudice which would excuse his procedural default on the issue of ineffective assistance of his appellate counsel, this court may not act. This claim is not cognizable in this court pursuant to the foregoing authority.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 28th day of March 2005.


S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

sWe

14